FILED
APR 0 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR MIDDLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 0560 |
| | ) |
| MICHAEL KELLY, Executive Director, | ) |
| District of Columbia Housing Authority, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted but the complaint will be dismissed.

Plaintiff alleges that defendants mailed to him a newsletter in such a way that "anyone who saw the newsletter, including US Post Office Personnel, would see [his] name, address and social security number." Compl. ¶ 1. He states that defendants' act "may allow others to gain access to [his] personal information" and, thus, "exposes [him] to the likelihood of identity theft." *Id.* ¶ 2. He demands an award of "$250,00[0] plus Court costs for damages to [his] privacy and exposing [him] to identity theft." *Id.* ¶ 4.

"Three inter-related judicial doctrines – standing, mootness, and ripeness, ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006). A party has standing if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc.*, 103 F.3d at 998 (quoting *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[T]he injury alleged cannot be conjectural or hypothetical, remote, speculative, or abstract." *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (internal citations and quotation marks omitted).

Here, plaintiff allegedly faces an increased risk of identity theft due to defendants' action. He does not allege that he already has suffered an injury or that an injury is imminent. Accordingly, the Court will dismiss this action without prejudice because plaintiff does not have standing to bring these claims. *Randolph v. ING Life Ins. and Annuity Co.*, 486 F. Supp. 2d 1, 7-8 (D.D.C. 2007).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ *[signature]*
United States District Judge

Date: 3/20/08